# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

__________ Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 16 2025
TAMMY H. DOWNS, CLERK
By: ______ DEP CLERK

Case No. 4:25cv40-JM
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ✗Yes ☐ No

*MARY L. COLEMAN*, *Plaintiff*

-v-

*RESORT LIFESTYLES COMMUNITY INC.*, *Defendant*

This case assigned to District Judge Moody
and to Magistrate Judge Moore

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Comes the Plaintiff, Mary L. Coleman, by her undersigned attorney, Daniel E. Wren, and for her Complaint states:

1. Mary L Coleman, Plaintiff., here in after referred to as Plaintiff, is a white female over the age of 50 who is a devout practicing Roman Catholic. She has at all relevant times here to resided in Little Rock, Arkansas and that all of the acts complained of here in took place within Little Rock, Arkansas.

2. The Defendant, Resort Lifestyles Community, Inc., here in after referred to the Defendant is a Nebraska corporation licensed to do business in Arkansas and operates a retirement home located at all times relevant here in Little Rock known as Chenal Pines.

3. Plaintiff brings this action for a discrimination based on her gender and religion and violation of title seven of the civil rights act of 1964 as codified, 42 US C sections 2000 E to 2000 E – 17. Plaintiff also brings this action for violation of the age discrimination in employment act of 1967, as codified, 29 USC sections 621 to 634.

4. The Plaintiff was originally hired by the Defendant as a senior living consultant.

5. While in this position, the Plaintiff, was honored by the president of the Defendant as one of the top employees throughout the entire corporation and was given the award in person by the president of the Defendant.

6. The Plaintiff was then moved to the director of sales position, where she excelled in the position of new residents for Chenal Pines.

7. The Plaintiff, on her own time and at the request of several residents, began leading a religious prayer service, which was very popular among the residents.

8. The majority of the residents were older, females with whom the Plaintiff formed a genuine, caring relationships.

9. The majority of prospective residents were also older white females who were often accompanied to the tour of Chenal Pines as part of the enrollment/sales process by their daughters.

10. During the tour of the facility, the current residents would often interact with the Plaintiff. It was during these sales tours that the bond between the residents, and the Plaintiff was a genuine and strong bond.

11. It was a great benefit to the Defendant for the prospective residents and their families to see this genuine interaction between the residents and the Plaintiff.

12. During her time as the sales manager of Chenal Pines, Susan and, Matthew. Portell were the residential community managers of Chenal Pines.

13. Despite the residents being told that the residential community managers would live on the property, Mr. and Mrs. Portell continued to maintain a private resident and failed and refused to move onto the property at Chenal Pines.

14. Matthew Portell became obviously jealous of the connection between the Plaintiff and the residents. Mr. Portell, who was supported in all of his actions by his wife Susan Portell began to nitpick at every decision or action made by the Plaintiff.

15. Throughout her employment in all positions, the Plaintiff was told that it was extremely important that all of the employees work together as a team, and that they should present themselves to the residents and potential residents as a very friendly and cooperative team. The Plaintiff took this direction very seriously and did her best to create a positive team image both to current and potential residents.

16. When the Plaintiff took the position as the sales manager, she was specifically told that her job was to focus on signing new residents, and the occupancy rate was not within her concern.

17. Without any cause and to the displeasure of the residents, Mr. and Mrs. Portell directed the Plaintiff to discontinue the religious services that she was conducting on site while on her off time.

18. In December 2022 in an email sent to numerous employees throughout the corporation, Angie.Kistatis, publicly praised the Plaintiff for having nine new residence sign up in November, 2022.

19. During the Plaintiff time as the sales director, another retirement facility opened in the near vicinity of Chenal Pines. Despite this new competitor, the Plaintiff continue to excel at her job. However, the nitpicking from Mr. and Mrs. Portell continued as the occupancy rate began to drop, which was not the concern of the Plaintiff.

20. In addition to the fact that Mr. and Mrs. Portell did not live on the premises as promised to the residents, Mr. Portell had to take a leave of absence due to his health. This resulted in the residents coming to the Plaintiff with more and more small and large concerns, which the Plaintiff did her best to resolve.

21. Though never spoken, it became obvious to the Plaintiff that Mr. Portell felt threatened by the popularity of the Plaintiff, who was very relatable to the current and potential residents because of her age, sex and religious faith.

22. Without any specific numbers or comparisons, the Defendant through Mr. and Mrs. Portell terminated the Plaintiff for poor production in the sales position.

23. This firing was solely prompted by the jealousy and fear of Mr. Portell of the Plaintiff's connection with both current and potential residents because of the Plaintiffs age, sex, and religion.

24. The firing of the Plaintiff was totally without merit, and the Plaintiff has not been able to find the equivalent employment since she was terminated.

25. The Plaintiff filed a complaint with the equal employment opportunity commission, which issued a notice of right to Sue letter which was received on October 21, 2024.

Therefore, the plaintiff prays for all just and proper relief, including, but not limited to compensatory damages for the violation of 42 USC sections 2008 to 2017 violation of 29 USC section 621 through 634 and for all other just and proper relief

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

WREN LAW FIRM
11300 Executive Center Drive, Ste. A
Little Rock, Arkansas 72211
(501) 223-0025

By:______________________
Daniel E. Wren #90096